FIRESIDE HOMES INC., Plaintiff, *v.* SILSON BUILDING CORP., et al., Defendants.

Supreme Court, Special Term, Nassau County, September 21, 1950.

*Ferdinand I. Haber* for referee.

*Solomon & Solomon* for Ruth Wasserstrom, defendant.

*Freeman & Hyman* for Andreola Construction Corp., defendant.

HOOLEY, J. Application by referee in foreclosure for additional compensation. The court cannot concur in the contention of the referee that the property sold for $23,000. The amount actually bid by the purchaser was $5,100 and he took subject to the first mortgage. It is the opinion of the court that the fee of the referee in such event is based on the amount bid by the purchaser and not upon that amount plus all subject prior mortgages. While it is true that upon the ordinary purchase of property, the price is considered as the sum total of mortgages to which the purchaser takes subject, plus cash paid, nevertheless, under the sections under which the referee's fees are computed (Civ. Prac. Act, §§ 1546, 1558) the court does not feel that the same consideration applies.

In this connection it is noted that in subdivision 7 of section 1558, the sheriff's fees are computed upon " *the sum collected* " (italics supplied). Of course, subdivision 11 of that same section limits the sheriff's fee on the sale of real property in an action to foreclose a mortgage, to $50.

Section 1546 states in part " But commissions shall not be allowed to him upon a sum *bidden* by a party, and applied upon that party's demand as fixed by the judgment, without being paid to the referee, except to the amount of twenty-five dollars." (Italics supplied.) It would seem that the use of the word " bidden " is of significance in the foregoing sentence.

No case has been cited by the moving party to support his view.

Under the circumstances, in view of the fact that under the court's construction of the sale, the purchase price was less than $10,000, the court does not have power to grant additional compensation.

Motion denied.